UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

                                     :     Criminal No. *08-534*

UNITED STATES OF AMERICA

                                     :     Filed:

     v.

                                     :     Violation:    18 U.S.C. § 371

BENNETT ENVIRONMENTAL, INC.,

           Defendant.

                                     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## PLEA AGREEMENT

The Antitrust Division of the United States Department of Justice and the defendant, Bennett Environmental, Inc. ("BEI"), a corporation organized and existing under the laws of Canada, hereby enter into the following Plea Agreement ("Agreement") pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P.").

## AGREEMENT TO PLEAD GUILTY AND WAIVE CERTAIN RIGHTS

1.     BEI knowingly and voluntarily waives all jurisdictional defenses to the prosecution of this case, and agrees voluntarily to consent to the jurisdiction of the United States to prosecute this case against it in the United States District Court of New Jersey. BEI also knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C.

§ 3742, that challenges the sentence imposed by the Court if that sentence is consistent with or below the recommended sentence in paragraph 11 of this Agreement, regardless of how the sentence is determined by the Court. This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b)-(c). Pursuant to Fed. R. Crim. P. 7(b), BEI will waive indictment and plead guilty at arraignment in the United States District Court of New Jersey to a one-count Information, in the form attached, in which BEI is charged with one count of violating 18 U.S.C. § 371 for conspiring from approximately May 2002 until approximately the Spring of 2004, with the objectives of defrauding the United States Environmental Protection Agency ("EPA") and committing offenses against the United States by means of wire communications, in violation of 18 U.S.C. § 1343.

## DEFENDANT'S COOPERATION

2.      BEI will cooperate fully and truthfully with the United States in the prosecution of this case, the conduct of the current federal investigation of violations of federal antitrust and related criminal laws involving the award of sub-contracts to provide environmental remediation services at the Federal Creosote Superfund site in Manville, New Jersey ("Federal Creosote"), as well as any other federal investigation resulting therefrom, and any litigation or other proceedings arising or resulting from any such investigation to which the United States is a party (collectively referred to herein as

2

"Federal Proceeding"). The ongoing, full, and truthful cooperation of BEI shall include, but not be limited to:

(a) producing to the United States all documents, information, and other materials wherever located, including claimed personal documents, in the possession, custody, or control of BEI that may be requested by the United States in connection with any Federal Proceeding;

(b) using its best efforts to secure the ongoing, full, and truthful cooperation, of the current directors, officers, and employees of BEI, including making such persons available in the United States and at other mutually agreed-upon locations, at the defendant's expense, for interviews and the provision of testimony in grand jury, trial, and other judicial proceedings in connection with any Federal Proceeding; and

(c) BEI agrees to commit no further crimes whatsoever.

3.     The ongoing, full, and truthful cooperation of each person described in Paragraph 2(b) above will be subject to the procedures and protections of this paragraph, and shall include, but not be limited to:

(a)     producing all documents, including claimed personal documents, and other materials, wherever located, requested by attorneys and agents of the United States;

3

(b)     making himself or herself available for interviews in the United States and at other mutually agreed-upon locations, not at the expense of the United States, upon the request of attorneys and/or agents of the United States;

(c)     responding fully and truthfully to all inquiries of the United States in connection with any Federal Proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making false statements (18 U.S.C. § 1001) and obstruction of justice (18 U.S.C. § 1503, *et seq.*);

(d)     otherwise voluntarily providing the United States with any material or information not requested in (a) - (c) of this paragraph that he or she may have that is related to any Federal Proceeding;

(e)     when called upon to do so by the United States in connection with any Federal Proceeding, testifying in grand jury, trial, and other judicial proceedings fully, truthfully, and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-402), and obstruction of justice (18 U.S.C. § 1503, *et seq.*); and

(f)     agreeing that, if the agreement not to prosecute him or her in this Plea Agreement is rendered void under Paragraph 5(c), the statute of limitations period for any Relevant Offense as defined in Paragraph 5(a) will be tolled as to him or her for the period between the date of the signing of this Plea

4

Agreement and six (6) months after the date that the United States gave notice of its

intent to void its obligations to that person under the Plea Agreement.

### GOVERNMENT'S AGREEMENT

4.      Subject to the full, truthful, and continuing cooperation of the

defendant, as described in Paragraphs 2 and 3 of this Agreement and upon the Court's

acceptance of the guilty plea called for by this Agreement, the Antitrust Division will not

bring further criminal charges against BEI for any act or offense committed prior to the

date of this Agreement that was in furtherance of the conspiracy to inflate the prices BEI

charged at Federal Creosote and provide kickbacks to influence the award of sub-contracts

at Federal Creosote as described in the attached Information. The nonprosecution terms of

this paragraph do not apply to civil matters of any kind, to any violation of the federal tax

or securities laws, or to any crime of violence.

5.      The United States agrees to the following:

(a)      Upon the Court's acceptance of the guilty plea called for by this

Agreement and subject to the exceptions noted in Paragraph 5(c), the United States

will not bring criminal charges against any current director, officer, or employee of

BEI for any act or offense committed before the date of this Agreement and while

that person was acting as a director, officer, or employee of BEI that was

undertaken in furtherance of the conspiracy to inflate the prices BEI charged at

Federal Creosote and provide kickbacks to influence the award of sub-contracts at Federal Creosote as described in the attached Information;

(b)     Should the United States determine that any current director, officer, or employee of BEI may have information relevant to any Federal Proceeding, the United States may request that person's cooperation under the terms of this Agreement by written request delivered to counsel for the individual (with a copy to the undersigned counsel for BEI) or, if the individual is not known by the United States to be represented, to the undersigned counsel for BEI;

(c)     If any person requested to provide cooperation under Paragraph 5(b) fails to comply with his or her obligations under Paragraph 3, then the terms of this Agreement as they pertain to that person, and the agreement not to prosecute that person granted in this Agreement, shall be rendered void;

(d)     Except as provided in Paragraph 5(e), information provided by a person described in Paragraph 5(b) to the United States under the terms of this Agreement pertaining to the conspiracy to inflate the prices BEI charged at Federal Creosote and to provide kickbacks to influence the award of sub-contracts at Federal Creosote as described in the attached Information, or any information directly or indirectly derived from that information, may not be used against that person in a criminal case, except in a prosecution for perjury (18 U.S.C. § 1621),

6

making a false statement or declaration (18 U.S.C. §§ 1001, 1623), or obstruction of justice (18 U.S.C. § 1503, *et seq.*);

(e)     If any person who provides information to the United States under this Agreement fails to comply fully with his or her obligations under Paragraph 3 of this Agreement, the agreement in Paragraph 5(d) not to use that information or any information directly or indirectly derived from it against that person in a criminal case shall be rendered void;

(f)     The nonprosecution terms of this paragraph do not apply to civil matters of any kind, to any violation of the federal tax or securities laws, or to any crime of violence; and

(g)     Documents provided under Paragraphs 2(a) and 3(a) shall be deemed responsive to the outstanding grand jury subpoena issued to BEI.

6.     The United States agrees that when any person travels to the United States for interviews, grand jury appearances, or court appearances pursuant to this Agreement, or for meetings with counsel in preparation therefor, the United States will take no action, based upon the conspiracy to inflate the prices BEI charged at Federal Creosote and to provide kickbacks to influence the award of sub-contracts at Federal Creosote as described in the attached Information, to subject such person to arrest, detention, or service of process, or to prevent such person from departing the United States.  This paragraph does not apply to an individual's commission of perjury (18 U.S.C. § 1621), making false

7

statements (18 U.S.C. § 1001), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), or contempt (18 U.S.C. §§ 401-402) in connection with any testimony or information provided or requested in any Federal Proceeding.

7.    It is understood that this Agreement does not bind any other federal agency or local prosecuting authority or administrative agency other than the Antitrust Division of the United States Department of Justice. However, if requested, the Antitrust Division will bring the fact, manner and extent of the cooperation of BEI to the attention of other prosecuting, administrative, and other agencies as a matter for such agencies to consider as appropriate.

## POSSIBLE MAXIMUM SENTENCE

8.    BEI understands that the statutory maximum penalty which may be imposed against it upon conviction for a violation of 18 U.S.C. § 371 is a fine in an amount equal to the greatest of:

(a) $500,000 (18 U.S.C. § 3571(c)(3)); or

(b) twice the gross pecuniary gain the conspirators derived from the crime (18 U.S.C. § 3571(c) and (d)); or

(c)  twice the gross pecuniary loss caused to the victims of the crime by the conspirators (18 U.S.C. § 3571(c) and (d)).

8

9.      In addition, BEI understands that:

(a)  pursuant to 18 U.S.C. § 3561(c)(1), the Court may impose a term of probation of at least one year, but not more than five years;

(b)  pursuant to U.S.S.G. §8B1.1, 18 U.S.C. § 3563(b)(2) or 3663A, the Court shall order it to pay restitution to the victims of the offense; and

(c)  pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court is required to order BEI to pay a $400 special assessment upon conviction for the charged crime.

## SENTENCING GUIDELINES

10.     BEI understands that the United States Sentencing Guidelines ("Sentencing Guidelines") are advisory, not mandatory, but that the Court must consider the Sentencing Guidelines in effect on the day of sentencing, along with the other factors set forth in 18 U.S.C. § 3553(a) in determining and imposing a sentence.  BEI understands that the Sentencing Guidelines determinations will be made by the Court by a preponderance of the evidence standard.  BEI understands that although the Court is not ultimately bound to impose a sentence within the applicable Sentencing Guidelines range, its sentence must be reasonable based upon considerations of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a).

## SENTENCING AGREEMENT

11.     Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States and BEI agree that the appropriate disposition of this case is, and agree to recommend jointly that the

9

Court impose a sentence requiring BEI to pay to the United States a criminal fine of $1,000,000, pursuant to 18 U.S.C. § 3571(d), payable in installments as set forth below without interest pursuant to 18 U.S.C. § 3612(h), ("recommended sentence"):

(a) $50,000 will be due on the date of the imposition of the sentence;

(b) $50,000 will be due at the one-year anniversary of the date of imposition of sentence;

(c) $100,000 will be due at the two-year anniversary of the date of imposition of sentence;

(d) $100,000 will be due at the three-year anniversary of the date of imposition of sentence;

(e) $100,000 will be due at the four-year anniversary of the date of imposition of sentence; and

(f) $600,000 will be due at the five-year anniversary of the date of imposition of sentence.

12. The United States and BEI agree that the Sentencing Guidelines fine range exceeds the agreed-upon recommended fine. The United States agrees that, based on BEI's ongoing cooperation, the United States would have moved the Court for a downward departure pursuant to U.S.S.G. §8C4.1, but for the fact that the amount of the fine that the United States would have recommended as a downward departure for substantial assistance provided, still would have exceeded BEI's ability to pay. The United States and

10

BEI further agree that the agreed-upon recommended fine, and the terms of this payment, are appropriate pursuant to U.S.S.G. §8C3.3(b) due to the inability of BEI to pay a fine greater than that recommended, and in the manner provided, without jeopardizing its continued viability.

13.    BEI understands that the United States will move the Court for a restitution order in the amount of $1,662,000 (joint and several among BEI and its co-conspirators), pursuant to 18 U.S.C. § 3663A, payable in installments as set forth below without interest pursuant to 18 U.S.C. § 3612(h):

(a) $100,000 will be due on the date of the imposition of the sentence;

(b) $100,000 will be due at the one-year anniversary of the date of imposition of sentence;

(c) $100,000 will be due at the two-year anniversary of the date of imposition of sentence;

(d) $100,000 will be due at the three-year anniversary of the date of imposition of sentence;

(e) $100,000 will be due at the four-year anniversary of the date of imposition of sentence; and

(f) the remainder, less any contributions by its co-conspirators, will be due at the five-year anniversary of the date of imposition of sentence.

11

14.    The United States and BEI agree that the loss resulting from the charged offense is approximately $1,662,000 and is sufficient to justify the recommended sentence set forth in paragraph 11, pursuant to 18 U.S.C. § 3571(d).

15.    The parties agree that there exists no aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the U.S. Sentencing Commission in formulating the Sentencing Guidelines justifying a departure pursuant to U.S.S.G. §5K2.0.  The parties agree not to seek or support any sentence outside of the Guidelines range nor any Guidelines adjustment for any reason that is not set forth in this Agreement.  The parties further agree that the recommended sentence set forth in this Agreement is reasonable.

16.    The United States and BEI jointly submit that this Agreement, together with the record that will be created by the United States and BEI at the plea and sentencing hearings will provide sufficient information concerning BEI, the crime charged in this case, and BEI's role in the crime to enable the meaningful exercise of sentencing authority by the Court under 18 U.S.C. § 3553.  The United States and BEI agree to request jointly that the Court accept BEI's guilty plea and impose sentence on an expedited schedule as early as the date of arraignment, based upon the record provided by BEI and the United States, under the provisions of Fed. R. Crim. P. 32(c)(1)(A)(ii) and U.S.S.G. §6A1.1.  The Court's denial of the request to impose sentence on an expedited schedule will not void this Agreement.

17.    Subject to the ongoing, full, and truthful cooperation of BEI described in Paragraph 2 of this Agreement, and before sentencing in the case, the United States will fully advise the Court and the Probation Office of the fact, manner, and extent of BEI's cooperation and its commitment to prospective cooperation with the United States' investigation and prosecutions, all material facts relating to BEI's involvement in the charged offense, and all other relevant conduct.

18.    The United States and BEI understand that the Court retains complete discretion to accept or reject the recommended fine and/or either party's recommendation for restitution provided for in Paragraphs 11 and 13 of this Agreement.  BEI understands that, as provided in Fed. R. Crim. P. 11(c)(3)(B), if the Court does not impose the recommended fine or either party's recommendation for restitution contained in this Agreement, it nevertheless has no right to withdraw its plea of guilty.

19.    BEI understands that this Agreement does not in any way affect or limit the right of the United States to respond to and take positions on post-sentencing motions or requests for information that relate to reduction or modification of sentence.

## REPRESENTATION BY COUNSEL

20.    BEI has reviewed all legal and factual aspects of this case with its attorney and is fully satisfied with its attorney's legal representation.  BEI has thoroughly reviewed this Agreement with its attorney, and has received satisfactory explanations from its attorney concerning each paragraph of this Agreement and alternatives available to it other

13

than entering into this Agreement. After conferring with its attorney and considering all available alternatives, BEI has made a knowing and voluntary decision to enter into this Agreement.

## VOLUNTARY PLEA

21.     BEI's decision to enter into this Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Agreement. The United States has made no promises or representations to BEI as to whether the Court will accept or reject the recommendations contained within this Agreement.

## VIOLATION OF PLEA AGREEMENT

22.     BEI agrees that should the United States determine in good faith that during the period that any Federal Proceeding is pending that BEI has given false, misleading, or incomplete information or testimony as described in Paragraph 2 of this Agreement, or that BEI has otherwise failed to fulfill any of the obligations set out in this Agreement, the United States shall notify counsel for BEI in writing by personal or overnight delivery or facsimile transmission and may also notify counsel by telephone of its intention to void any of its obligations under this Agreement (except its obligations under this paragraph), and BEI will be subject to prosecution for any federal criminal violation of which the United States has knowledge, including but not limited to the substantive offenses relating to the investigation resulting in this Agreement.  It is the intent of this Agreement to waive

14

all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

23.    BEI understands and agrees that in any further prosecution of it resulting from the release of the United States from its obligations under this Agreement based on BEI's violation of the Agreement, any documents, statements, information, testimony, or evidence provided by it or its current and former employees to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against it in any such further prosecution.  In addition, BEI unconditionally waives its right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

## ENTIRETY OF AGREEMENT

24.    This Agreement constitutes the entire agreement between the United States and BEI concerning the disposition of the criminal charge contained in this case. This Agreement cannot be modified except in writing, signed by the United States and BEI.

25.    The undersigned is authorized to enter this Agreement as evidenced by the Resolution of the Board of Directors of BEI attached to, and incorporated by reference in, this Agreement.

15

26.   The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Agreement on behalf of the United States.

Dated: 7/31/08

_____
JACK SHAW
Chief Executive Officer
Bennett Environmental, Inc.

_____
JEFFREY D. MARTINO

_____
ELIZABETH PREWITT

_____
PETER ZEIDENBERG, ESQ.
Counsel for
Bennett Environmental, Inc.

HELEN CHRISTODOULOU
Attorneys, Antitrust Division
U.S. Department of Justice
26 Federal Plaza, Room 3630
New York, New York 10278
(212) 264-0653

16